**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHIE CONNER,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-15-0004** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **WARDEN FCI SCHUYLKILL,** *et al.,* : | |
| : | |
| **Defendants** : | |
| : | |

**M E M O R A N D U M**

**I.    Introduction**

On December 28, 2014, Richie Conner, an inmate formerly housed at FCI Schuylkill, in Minersville, Pennsylvania, alleging that the named defendants were deliberately indifferent in diagnosing and treating his bladder cancer. (Doc. 1, Compl.) Named as defendants are the following individuals who work at FCI Schuylkill: Warden Howard Hufford; Unit Manager Petruzzi, Case Manager Light; Counselor Kranzel, Counselor Schaeffer, Unit Secretary Lucas, and Physician Assistant Ortiz. (*Id*.) Mr. Conner has paid the full filing fee in this matter. Presently before the court is Mr. Conner's motion to file an amended complaint and proposed amended complaint. (Docs. 6 and 7.)

For the reasons that follow, Mr. Conner's motion to amend will be granted and he will be directed to file an all-inclusive amended complaint.

**II.	Discussion**

The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1)  Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A)  21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Based on the procedural history of this case, Mr. Conner may file an amended complaint as a matter of right.  The court has reviewed Mr. Conner's "First Amended Complaint".  (Doc. 7, Proposed First Am. Compl.)  Mr. Conner clearly seeks to incorporate by reference claims raised in his original complaint.  He cannot do so.  Thus, for the sake of clarity and out of abundance of care of this pro se litigant, the Mr. Conner will be directed to file an all-inclusive amended complaint.

Mr. Conner is cautioned that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  In particular, Mr. Conner is advised that the amended complaint will

supercede the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the complaint which are not alleged in the amended complaint will be waived.

Mr. Conner's amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He also shall specify the relief he seeks with regard to each claim and defendant. Failure to file a completely new amended complaint will result in the Court proceeding in this matter based on the original complaint. Finally, Mr. Conner is cautioned that the amended complaint, if handwritten, must be legible.

An appropriate Order follows.

      /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: March   12  , 2015**